UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
COHEN TAUBER SPIEVACK & :
WAGNER LLP, :
: 07 Civ. 2356 (TPG)
Plaintiff, :
: **OPINION**
-against- :
:
CARLTON CARRERA INC. and :
MATTHEW BROWNDORF, :
:
Defendants. :
:
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/08

This case was brought by plaintiff Cohen Tauber Spievack & Wagner LLP ("CTSW") against defendants Carlton Carrera Inc. ("Carlton") and Michael Browndorf, asserting contract and contract-related causes of action and also claiming fraud. Carlton moved to dismiss CTSW's first complaint for lack of personal jurisdiction. Before that motion was decided, CTSW amended its complaint to add additional jurisdictional allegations. Carlton now moves again to dismiss the amended complaint against it for lack of personal jurisdiction or, in the alternative, to transfer the case to the Central District of California.

Carlton's motion is denied in its entirety.

1

**Facts**

The court will rely on the jurisdictional allegations of the complaint. CTSW has submitted an affidavit, but it does not add materially to what is in the complaint, which alleges the following.

CTSW, a New York law firm, hired defendant Browndorf to work as an attorney in its New York office in June 7, 2006. When CTSW interviewed Browndorf, he represented that he originated more than $500,000 in business on a yearly basis, and that he would be able to bring clients that he had to CTSW.

In early July 2006, Browndorf was introduced to Joseph Porsche. At that time, Carlton was soon to be formed, and Porsche was to be its president. On July 15, 2006, Browndorf informed CTSW that he had persuaded Porsche to retain CTSW to create and structure Carlton. Browndorf subsequently advised CTSW that Carlton would provide business bringing in fees of over $500,000. On July 18, 2006, CTSW, via Browndorf, entered into a retainer agreement with Carlton. Through July 2006, Browndorf worked on Carlton matters. In mid-July, Browndorf accepted a position as general counsel for Carlton, but did not inform CTSW. In late July, Browndorf traveled to California, claiming that he was doing so at Carlton's behest and at its expense. This trip was solely for purposes of Browndorf's employment with Carlton. Carlton instructed Browndorf to continue to perform legal work for Carlton through CTSW. Browndorf, via phone from California and

2

personally in New York, directed two CTSW attorneys to perform legal work for Carlton. It is alleged that Browndorf knew that Carlton would not pay for these services. Browndorf billed nearly 100 hours on Carlton matters in the last ten days of July 2006. On August 1, 2006, Browndorf notified CTSW that he had accepted a job offer from Carlton. He nonetheless asked CTSW to permit him to remain on its payroll until August 10, and serve as special counsel, so that CTSW could continue to perform legal work for Carlton and Browndorf's other clients. CTSW allowed Browndorf to remain on its payroll, and permitted CTSW attorneys to work on Carlton matters in the belief that Carlton would pay for the legal work.

During the course of CTSW's representation of Carlton, CTSW sent invoices to Porsche and Carlton totaling $87,350.46. Porsche and Carlton did not contest the invoices and assured CTSW that payment would be forthcoming. Browndorf, in his capacity as Carlton's general counsel, advised CTSW several times between August 6, 2006 and October 16, 2006 that Carlton would pay CTSW. However, Carlton has not paid any amount of the outstanding balance.

CTSW seeks in this action to recover the $87,350 and seeks to recover a larger sum for alleged fraud.

The complaint alleges that Carlton is a California corporation with its principal place of business in Newport Beach, California. It is also alleged that Browndorf currently resides in California. However, the

complaint alleges that as of mid-July 2006 Browndorf became Carlton's agent for the purpose of transacting business in New York and that therefore as of that time, Carlton transacted business in New York through its agent Browndorf. The complaint alleges that the court has jurisdiction pursuant to New York C.P.L.R. § 302(a)(1).

## Discussion

### Personal Jurisdiction

Federal courts in New York determine whether personal jurisdiction may be properly exercised by first analyzing whether New York state law permits personal jurisdiction. If so, the court must then decide whether the exercise of personal jurisdiction comports with due process under the United States Constitution. Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001).

N.Y. C.P.L.R. § 302(a)(1) authorizes personal jurisdiction over a non-domiciliary who, "in person or through an agent . . . transacts any business within the state," if the cause of action arises from that transaction of business. A non-domiciliary is subject to jurisdiction in New York if "it has engaged in some purposeful activity within the State and there is a substantial relationship between this activity and the plaintiff's cause of action." Armouth Int'l Inc. v. Haband Co., Inc., 277 A.D.2d 189, 190, 715 N.Y.S.2d 438, 439 (App. Div. 2000).

4

CTSW has adequately alleged that Carlton, through its agent Browndorf, transacted business in New York, and that the cause of action arises to a substantial extent from that transaction of business. Plaintiffs allege that Browndorf became Carlton's agent in mid-July, 2006, when Browndorf became general counsel for Carlton. According to the complaint, Browndorf was still employed as an attorney by CTSW and did not immediately inform CTSW of his new position at Carlton. The complaint alleges that Browndorf was doing legal work for Carlton at CTSW "both by phone in California and personally in New York." CTSW claims that on August 1, Browndorf notified CTSW of his position with Carlton, and for a short time thereafter remained on CTSW's payroll while performing legal work for Carlton. The court concludes that the complaint makes out a case to the effect that Browndorf, during the time in question, was employed by both CTSW and Carlton, and was acting as Carlton's agent in New York for the transaction of legal business for Carlton.

Carlton argues that it would be factually impossible for Browndorf to have worked for both CTSW and Carlton and to have been an agent for both. There is no merit to this argument. An agent can have more than one principal, and it has surely happened that a partner or employee of a law firm can occupy a role as counsel for a company in such a way as to make him an agent of the company.

The court concludes that there is personal jurisdiction over Carlton in this case under C.P.L.R. §302(a)(1).

The due process issue is a simple one. Again relying on the complaint, the allegations are that Carlton knowingly employed a then-resident of New York and a New York attorney as its general counsel and obtained legal services in New York performed by that attorney. This is not a case of some remote or tenuous connection with New York. According to the complaint, there was a direct and substantial connection.

## Carlton's Motion to Transfer

As an alternative to its jurisdictional motion, Carlton moves to transfer the action from this court to a court in California, pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). Section 1404(a) provides that a district court may transfer an action to any district where it may have been brought "for the convenience of parties and witnesses." Section 1406(a) allows for district courts to transfers actions that are filed in the "wrong" district, or where it would serve the interest of justice.

Factors that courts are to consider in deciding whether to transfer are (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of documents and relative ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of

6

operative facts; (6) the availability of process to compel witnesses; and (7) the relative means of the parties. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006).

In connection with the transfer motion, it should be noted that Browndorf is not only a defendant in addition to Carlton but will be an important witness if the case goes to trial. The complaint alleges, and it is apparently the case, that Browndorf now resides in California.

Of the factors listed above, only one of them—plaintiff's choice of forum—really favors one location or the other, and plaintiff CTSW chose New York. As to the other factors, there is no particular circumstance which makes New York a more appropriate forum than California or vice versa. If the case goes to trial, there will need to be witnesses from both California and New York, and process is equally available or unavailable to compel witnesses in one location or the other to come to the trial. Where process is unavailable, the witnesses will either come voluntarily (which is likely the case), or they will be deposed where they are subject to process. As to the location of relevant files and documents, there is no reason to believe that there is any problem of transporting such materials from one part of the country to another.

Carlton concedes that the relative means of the parties does not weigh in either direction.

As far as can be discerned from the complaint, relevant acts and events occurred in both New York and California. This helps to

indicate that CTSW's choice of New York as the forum was in no way arbitrary or unreasonable.

Considering all the relevant factors, the court concludes that no basis has been shown for disturbing CTSW's decision to sue in New York, and the motion for transfer under § 1404(a) is denied.

Section 1406(a) is inapposite, since venue is properly laid in New York, where a substantial part of the events occurred. See 28 U.S.C. § 1391(a)(2).

## Conclusion

For the reasons stated, Carlton's motion to dismiss is denied and Carlton's motion to transfer the case to California is also denied.


Dated: New York, New York
       September 5, 2008

SO ORDERED

*/s/ Thomas P. Griesa*

Thomas P. Griesa
U.S. District Judge